■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK GRYGIER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Dutchess County, entered September 10, 1962, which denied, without a hearing, his application to vacate a judgment of said court rendered February 19, 1960 on his plea of guilty, convicting him of burglary in the third degree, assault in the second degree and carrying and use of a dangerous weapon, and imposing sentence upon him as a fourth felony offender. Order reversed on the law and the facts, and matter remitted to the County Court for a hearing and for further proceedings not inconsistent herewith. It appears from the files that the Maryland indictment contained two counts: (1) for so-called statutory burglary, a felony in New York; and (2) for a $15 larceny, a misdemeanor in New York. Such records as appear in the file would serve to show that, although the indictment was characterized as one charging burglary, such description was irrelevant (see *People ex rel. Goldman* v. *Denno*, 9 N Y 2d 138). In fact, defendant claims that records, not appearing in the file here, expressly show that upon sentence it was made clear that the plea of guilt was to the larceny count alone. The burden of

showing conviction of a crime deemed to be a felony in this State is upon the District Attorney. Hence, here it was incumbent upon the District Attorney to establish that the plea of guilt was to the count charging so-called statutory burglary, a felony here irrespective of its classification as a misdemeanor in Maryland. It may be that for the larceny a sentence of a year's imprisonment would have been beyond the power of the court to impose. The emphasis in correspondence with the Maryland prosecutor has been on the immaterial factor relating to the consideration there of the crime as statutory or common law. In our opinion the real question is whether the conviction was of the burglary count, as distinguished from the larceny count. That question should be determined on the basis of all the proof which may be adduced upon the hearing. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.